IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: CR509-13 |
| | : | |
| FRANKLIN WAYNE GIBSON | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Gibson ("Gibson"), who is currently incarcerated at the United States Penitentiary-Federal Prison Camp in Atlanta, Georgia, filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6). The Government filed a Response, and Gibson filed a Reply. For the reasons which follow, Gibson's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Gibson pleaded guilty in this Court to conspiracy to manufacture a quantity of methamphetamine, in violation of 21 U.S.C. § 846. The Honorable Lisa Godbey Wood sentenced Gibson in March 2010 to 121 months' imprisonment. Pursuant to his plea agreement, Gibson waived his right to file an appeal. (Doc. No. 98, p. 8).

In his Motion, Gibson asserts that he is entitled to acceptance of responsibility which he lost because he was forced to leave the rehabilitation center. Gibson contends that he "recently discovered" that the Court should not have allowed his

counsel to remain on his case because his counsel may have represented one of the Government's confidential informants at a previous time. (Doc. No. 139, p. 1).

The Government asserts that Gibson cannot proceed pursuant to Rule 60(b). Rather, the Government asserts, Gibson's motion is an untimely 28 U.S.C. § 2255 motion to challenge his sentence.

## DISCUSSION AND CITATION TO AUTHORITY

District courts have an obligation to look behind the label of a pro se inmate's motion to determine whether the motion is "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). A petitioner seeking to challenge the legality of his sentence should seek relief under 28 U.S.C. § 2255.[1] Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

---

[1] The undersigned acknowledges that district courts have a duty to notify a petitioner that his motion is being characterized as a section 2255 motion and the procedural constraints applicable to section 2255 motions. However, if the applicable statute of limitations period already expired by the time the petitioner files a collateral attack of his conviction and/or sentence, it is not necessary to inform the petitioner of the court's characterization. United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004); Mercado v. United States, No. CR295-6, CV 208-163, 2009 WL 3294380 (S.D. Ga. Oct. 13, 2009).

2

the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Gibson was sentenced on March 25, 2010. (Doc. No. 121). Because Gibson waived his right to file an appeal, his conviction became "final" on that date, and he had one (1) year to file a timely § 2255 motion, or until March 25, 2011. Gibson filed the instant motion on August 19, 2013, nearly two and one half (2 1/2) years after the applicable statute of limitations period expired. Gibson's effort to make § 2255(f)(4) the triggering event for statute of limitations purposes based on his assertion that he recently discovered that this Court should not have permitted his counsel to continue his representation due to a potential conflict of interest must fail. Gibson's attorney, David McCrea, filed a Motion to Withdraw based on his suspicion that he previously had represented one of the Government's confidential informants. (Doc. No. 40). During the hearing on this motion before the undersigned, Gibson waived any potential conflict of interest issue. (Doc. No. 79). Gibson's assertions in this regard are disingenuous and contradicted by the record.

In addition, Gibson's contentions pertaining to his removal from the rehabilitation center are without merit, contradicted by the record, and do not entitle him to relief. The conditions of Gibson's pretrial release were modified after Gibson admitted to using

AO 72A
(Rev. 8/82)

methamphetamine based on the results of a urinalysis screen. The undersigned advised Gibson that he was to pay for his treatment until he was released from the rehabilitation center and that any departure from the conditions would constitute a violation of his pretrial release. (Doc. Nos. 82, 83). Gibson nevertheless left the treatment facility a week before his scheduled release, and this action was deemed a violation of the conditions of his pretrial release, which was revoked. (Doc. Nos. 101, 106, 107). During Gibson's sentencing hearing, Judge Wood considered Gibson's arguments in favor of receipt of acceptance of responsibility. Judge Wood overruled Gibson's arguments in favor of the United States Probation Office's response that, as part of the eligibility for acceptance of responsibility, Gibson was to discontinue any criminal conduct, which he did not do. (Doc. No. 120).

The undersigned notes Gibson's assertions that his motion is not a section 2255 motion, but a motion made pursuant to Rule 60(b). Even if this Court were to consider Gibson's motion as being brought pursuant to Rule 60(b), he would not be entitled to his requested relief. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." FED. R. CIV. P. 1. The Eleventh Circuit repeatedly has "held that Rule 60(b) does not provide for relief from a judgment in a criminal case." United States v. Whisby, 323 F. App'x 781, at *1 (11th Cir. Apr. 17, 2009) (quoting cases). Accordingly, Gibson is not entitled to relief pursuant to Rule 60(b).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Gibson's Motion be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)